# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIAN LYNN, | ) |
|     Plaintiff, | ) |
| | ) Case No. 18-cv-5905 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| ZF CHASSIS SYSTEMS CHICAGO, LLC, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Kian Lynn filed this employment discrimination lawsuit against her former employer defendant ZF Chassis Systems Chicago, LLC ("ZF") alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12191 *et seq.*, after which ZF filed the present motion to dismiss. After the parties briefed the motion, the Court conducted oral argument. For the reasons stated below, the Court grants defendant's motion to dismiss without prejudice. The Court appoints plaintiff counsel and grants plaintiff leave to file a first amended complaint. *See Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015) (there is a "presumption in favor of giving plaintiffs at least one opportunity to amend.").

**Background**

Lynn worked for ZF for almost nine years. When she returned from medical disability leave on June 22, 2016, ZF informed her that it had eliminated her position for business reasons. The same day, ZF gave Lynn a Severance Agreement and Release ("Agreement"), which offered sixteen weeks of salary, along with the option of continuing medical and dental coverage under COBRA, as consideration in exchange that Lynn fully discharge ZF and its assigns from any and all claims, including claims under the ADA. The Agreement specified that Lynn had 21 days to consider the Agreement before she signed it, and that if she did, she had seven days to revoke the Agreement.

Lynn signed the Agreement on July 1, 2016 and faxed a copy of a letter more than seven days after she executed the Agreement reaffirming her acceptance of the Agreement.

In response to defendant's motion to dismiss, Lynn maintains that she felt she had no other choice but to sign the Agreement because ZF's Regional Human Resources Manager told her that if she did not sign the Agreement, ZF would terminate her employment and she would not receive any benefits that were part of the Agreement. At oral argument, she explained that she needed the health benefits because her thirteen-year-old daughter had a chronic illness and was undergoing chemotherapy. She also stated that she was not in her right mind when she signed the Agreement due to her depression and anxiety. Lynn thus argues that she signed the Agreement under duress.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts all well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

The Court turns to Lynn's argument that she signed the Agreement under duress. When an "agreement concerns federal claims in the employment discrimination context, we typically inquire whether the agreement was knowingly and voluntarily executed based on the totality of the

circumstances." *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016). When considering the totality of the circumstances, courts look to: "(1) the employee's education and experience; (2) the employee's input in negotiating the terms of the agreement; (3) the agreement's clarity; (4) the amount of time given to the employee for deliberation before signing the release; (5) whether the employee actually read the release and considered its terms prior to signature; (6) whether the employee consulted with an attorney before signing the agreement; (7) whether the employee received benefits in exchange for the waiver that exceeded the benefits to which the employee was entitled by law or by contract; and (8) whether the employee's release was induced by the defendant's improper conduct." *Hampton v. Ford Motor Co.,* 561 F.3d 709, 716 (7th Cir. 2009) (citation omitted).

ZF argues that Lynn entered into the Agreement knowingly and voluntarily because Lynn has not raised "specific evidence" to show that she did not sign the Agreement knowingly and voluntarily. At this procedural posture, however, Lynn need not produce specific evidence, but instead must plausibly allege that she entered into the Agreement under duress. To that end, Lynn has explained that although ZF told her that her position was being eliminated, the same month she was discharged ZF hired an Administrative Assistant that assumed her Office Coordinator duties raising a reasonable inference that ZF's conduct was improper.

Other allegations raising reasonable inferences of ZF's improper conduct include that when she returned from medical disability leave on June 22, 2016, ZF asked her to sit in the foyer, instead of her work space. She describes that ZF removed all of her office equipment from her work space and told her that her job was to sit in the foyer and open the door for visitors and employees.

Lynn further asserts that she felt she had no other choice but to sign the Agreement to receive the benefits and money in the severance packages so that she could take care of her family, especially because ZF's Regional Human Resources Manager told her that if she did not sign the

3

Agreement, ZF would terminate her employment without the benefits. She contends that she pleaded with the human resources manager that she valued her job and did not want to sign the Agreement. This exchange with the human resources manager underscores that Lynn, according to her allegations, had no input in negotiating the terms of the Agreement. As discussed above, Lynn was concerned about her daughter's chronic illness and chemotherapy at the time she signed the Agreement. She also explained at oral argument that she had no other medical insurance. Lynn points to other reasons why she felt forced to sign the Agreement, including her own mental health issues of which ZF was aware.

On the other hand, ZF argues that Lynn had sufficient experience and education to appreciate the Agreement's terms. ZF maintains that it gave Lynn a sufficient amount of time to review the Agreement before she signed the release of her ADA claims and that the Agreement itself told Lynn that she should consult with an attorney before signing it. In addition, ZF asserts that financial pressures, alone, do not negate the voluntariness of entering into a severance package and release. ZF's arguments, however, are insufficient for the Court to grant its motion with prejudice because Lynn has given sufficient reasons why she felt pressured into signing the Agreement.

That being said, the allegations in Lynn's complaint do not adequately allege that she entered into the Agreement unknowingly and involuntarily nor do they sufficiently allege her ADA claim. Based on her statements in her response brief and her explanations at oral argument, the Court grants plaintiff leave to file a first amended complaint to give a more complete picture of the circumstances surrounding her signing the Agreement and her ADA claims.

4

**Conclusion**

For the foregoing reasons, the Court grants defendant's Rule 12(b)(6) motion to dismiss without prejudice. [17]. The Court appoints counsel for plaintiff and grants plaintiff leave to file a first amended complaint.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 9/16/2019